NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30177 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00398-DCN-1 |
| v. | |
| ANGEL TORRES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Defendant Angel Torres ("Torres") appeals the 70-month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He contends the district court abused its

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

discretion by applying a four-level sentencing enhancement for possession of a firearm with "an altered or obliterated serial number." U.S.S.G. § 2K2.1(b)(4)(B). We affirm.

"[A] firearm's serial number is 'altered or obliterated' when it is materially changed in a way that makes accurate information less accessible." *United States v. Carter*, 421 F.3d 909, 916 (9th Cir. 2005); *see also id.* at 912 (noting "altered" requires a lesser degree of defacement than "obliterated"). The district court did not clearly err in finding that the serial number on Torres' firearm had been scratched through in such a manner that the number was appreciably more difficult to discern; it is not easily seen with the naked eye and is only (barely) visible in certain lighting and in enhanced and enlarged photographs. This is sufficient for the enhancement to apply: "[N]othing in the language or purpose of Guideline § 2K2.1(b)(4) suggests that the defacement must make tracing impossible or extraordinarily difficult for the enhancement to apply." *Id.* at 916. As the district court held, the result would be the same whether the court applied a preponderance of the evidence or clear and convincing standard. Accordingly, the court did not abuse its discretion by applying the enhancement.

**AFFIRMED.**

2